UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERRY L. TANNER,

        Petitioner,                                Case No. 1:16-cv-1050

v.                                                            Honorable Janet T. Neff

SHERRY L. BURT,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner is incarcerated at the Muskegon Correctional Facility. He was convicted in the Calhoun County Circuit Court of one count of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(a); and one count of torture of a child, MICH. COMP. LAWS § 750.136a. The trial court sentenced Petitioner on June 20, 1979, to life imprisonment for the CSC I conviction and ten years' imprisonment for the torture conviction.

Petitioner did not pursue a direct appeal in the state courts. On March 16, 2015, more than 35 years after his conviction, Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court raising the following four claims of error:

I.   DEFENDANT WAS DEPRIVED OF HIS STATE AND FEDERAL RIGHTS TO DUE PROCESS UNDER THE VI AND XIV AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE HIS TRIAL TRANSCRIPTS WERE DESTROYED BY THE STATE WHICH VIOLATED RIGHTS TO DUE PROCESS AND RIGHT TO AN APPEAL.

II.  DEFENDANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE XIV AMENDMENT TO THE UNITED STATES CONST 1963 ART. 1 SEC. [SIC] WHERE DEFENDANT WAS WRONGFULLY CONVICTED OF THE CRIME OF FIRST DEGREE CRIMINAL SEXUAL CONDUCT AND TORTURE OF A CHILD, WHERE THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO PROVE THESE CHARGES BEYOND A REASONABLE DOUBT.

III. DEFENDANT WAS DEPRIVED OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO CONFRONTATION AND CROSS EXAMINATION WHERE THE PROSECUTOR WAS PERMITTED TO INTRODUCE HEARSAY TESTIMONY OF TWO WITNESSES, WHERE THE COMPLAINANT WAS UNAVAILABLE DUE TO BEING RULED NOT COMPETENT TO TESTIFY DEPRIVING DEFENDANT OF A FAIR TRIAL.

IV.  DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL AS OF RIGHT UNDER THE VI AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE

>    APPELLATE COUNSEL FAILED TO FILE AN APPEAL AS OF RIGHT
>    ON DEFENDANT['S] BEHALF.

The court denied his motion on April 30, 2015. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on August 4, 2015 and May 24, 2016, respectively. Petitioner filed the instant application on or about August 22, 2016.[1]

    II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on August 22, 2016, and it was received by the Court on August 24, 2016. Thus, it must have been handed to prison officials for mailing at some time between August 22 and 24. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on June 20, 1979. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until June 20, 1980, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the

state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). Consequently, Petitioner's conviction became final on June 20, 1980.

A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Accordingly, the statute of limitations expired on April 24, 1997. Obviously, the instant petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1997, his collateral motion filed in 2015 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon*

*Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner contends that his appellate counsel was ineffective for failing to file a direct appeal on his behalf. "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52). Even if Petitioner could show that counsel's failure to file an appeal constituted serious misconduct, Petitioner does not explain the more than thirty-five years that passed from the time of his conviction until he filed a motion for post-conviction relief in 2015. In his supporting brief, Petitioner asserts that "he has been constantly seeking the records from his trial," but concedes that he "has never filed any appeal concerning this conviction and sentence . . . ." (Br. in Supp., ECF No. 2, PageID.24.) In light of the excessive delay, Petitioner's vague assertion that he constantly sought the records from his trial falls far short of demonstrating that he diligently pursued his claims. Likewise, while Petitioner complains that he was unable to pursue his case due to the destruction of the trial transcripts, he indicates that the transcripts were not destroyed until November 8, 2006, more than 25 years after his conviction. Again, Petitioner does not provide any specific allegations concerning his efforts to obtain the transcripts during that twenty-five-year period. The Sixth Circuit has denied equitable tolling to petitioners whose delays were far less than Petitioner's. *See, e.g.*, *Allen*, 366 F.3d at 403 (petitioner was not diligent when he filed his petition seven months after the statute of limitations expired);

*Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (one month beyond the statute of limitations); *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2002) (two month delay); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (petitioner who waited 18 months to take action had not been sufficiently diligent); *see also Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012) (the petitioner was not entitled to equitable tolling notwithstanding his attorney's failure to notify him that the appellate court had affirmed his conviction, thereby triggering the statute of limitations, because the petitioner waited three years before taking any action).

Petitioner also asserts that he "was illiterate and has an IQ of 63." (Br. in Supp., ECF No. 2, PageID.24.)  An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005).  In *Warren v. Lewis*. 365 F.3d 529, 531, 532 n. 2 (6th Cir. 2004), the Sixth Circuit expressed "grave doubt" that the habeas petitioner's IQ of 71 would justify equitable tolling.  A habeas petitioner's mild mental retardation is not grounds for equitably tolling the limitations period in the absence of any indication that the mild mental retardation made him unable to manage his court filings or participate in the court proceedings. *Pinchon v. Myers*, 615 F.3d 631, 641–42 (6th Cir. 2010).  Here, Petitioner does not allege how his low IQ prevented him from pursuing his claims for more than 35 years, but allowed him to file a motion for relief from judgment in 2015.  Even if Petitioner required the assistance of other prisoners to prepare his 2015 motion, he does not explain why he was unable to obtain the same type of assistance over the past three decades.  Accordingly,

the Court finds that Petitioner has not satisfied the burden of showing the "rare and exceptional" circumstances to invoke equitable tolling.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner baldly claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  September 15, 2016                                          /s/ Ellen S. Carmody
                                                                                            ELLEN S. CARMODY
                                                                                            United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).