UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY L. TANNER,

    Petitioner,

v.

SHERRY L. BURT,

    Respondent.

_____/

Case No. 1:16-cv-1050

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 3) recommending that this Court deny the petition as time-barred under the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

First, Petitioner generally asserts that the Magistrate Judge "did not take exception that the requirements contained in 28 U.S.C. [§] 2244 did not apply to this case," and that he "has facially met the gateway standard for permitting review of his claims in order to prevent fundamental miscarriage of justice" (Objs., Dkt 4 at PageID.65). Petitioner provides no elaboration or supporting

argument for these assertions beyond citing two cases; the basis of his specific objection, if any, is unclear, and thus, waived. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.'" *Cox v. Curtin*, 698 F. Supp. 2d 918, 949-50 (W.D. Mich. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

In any event, to the extent Petitioner intends to assert that the Magistrate Judge erred in applying the one-year statute of limitations period found in AEDPA, the argument has no merit. The Magistrate Judge correctly noted that "[a] petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition" (R&R, Dkt 3 at PageID.60).

Further, to the extent Petitioner attempts to raise an actual innocence argument to reach the merits of his barred claims pursuant to the language found in *Schlup v. Delo*, 513 U.S. 298, 315 (1995), his argument likewise fails. The Magistrate Judge addressed and properly rejected Petitioner's actual innocence argument (R&R, Dkt 3 at PageID.63). To make an actual innocence claim, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner] . . . .'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (citation omitted). Petitioner offers no new evidence or argument of his actual innocence and has thus shown no error in the Magistrate Judge's analysis or conclusion.

Second, Petitioner argues that the Magistrate Judge erred in finding no basis for equitable tolling of the statute of limitations because "extraordinary circumstances" existed to toll the limitations period (Objs., Dkt 4 at PageID.66). The Magistrate Judge fully addressed the merits of

an equitable-tolling argument and properly concluded that Petitioner failed to show (1) diligent pursuant of his rights, and (2) that some extraordinary circumstances stood in his way (R&R, Dkt 3 at PageID.60-63). *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Petitioner presents no valid objection to the Magistrate Judge's analysis or conclusion. Petitioner's alleged extraordinary circumstances," as the Magistrate Judge noted, are not sufficient to toll the one-year statute of limitations period (R&R, Dkt 3 at PageID.62).

The Magistrate Judge properly denied Petitioner's habeas petition as time-barred.

Having determined Petitioner's objections lack merit, the Court must determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural rulings debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 4) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 3) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: November 10, 2016     /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge